[L. A. No. 2133.   In Bank.—February 8, 1908.]

## LOS ANGELES INTER-URBAN RAILWAY COMPANY, Respondent, v. MANUEL MONTIJO et al., Appellants.

ADVERSE POSSESSION — ACTUAL OCCUPANCY — CLAIM OF TITLE NOT FOUNDED ON WRITTEN INSTRUMENT.—Under sections 324 and 325 of the Code of Civil Procedure, a title to land by adverse possession, under a claim of title not founded upon a written instrument, judgment, or decree, can be acquired only to the land actually occupied, and the land so occupied is such land as has been protected by a substantial inclosure, or land which has been usually cultivated or improved.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

William Crawford, for Appellants.

Bicknell, Gibson, Trask, Dunn & Crutcher, and Edward E. Bacon, for Respondent.

HENSHAW, J.—Plaintiff sued defendants to quiet title to certain land situated in the city of Los Angeles. After trial, the court gave judgment for plaintiff for the land in controversy, excepting a lot forty feet in width, title to which

was decreed to be in Manuel Montijo, and quieted Montijo's title to this lot against the plaintiff and against his co-defendants. From this judgment, and from the order denying their motion for a new trial, the defendants jointly appeal.

It is admitted that the land in controversy was originally a part of the Pueblo of Los Angeles, and, as such, was covered by the patent of the United States to the city of Los Angeles.

Plaintiff's title is a record title, derived by mesne conveyances from the city of Los Angeles. On behalf of defendants it was shown that one Duron resided upon the land from 1860 to 1881. The land was uninclosed and unimproved, excepting for a "tule shack" in which Duron lived. Such title as Duron acquired was, therefore, by adverse possession. In 1881 defendant Montijo paid Duron fifty dollars, and Duron surrendered possession to him. He had no deed from Duron; nothing more than a receipt for the money. Since that time Montijo has lived upon the land, still uninclosed and unimproved, except for a house built by Montijo upon the site of the tule shack. It may be conceded that Duron's claim by adverse possession ripened into a title before the amendment to section 325 of the Code of Civil Procedure requiring the payment of taxes. Montijo, his successor, is in the position of an occupant of land under a claim of title not founded upon a written instrument, judgment, or decree. His situation is that contemplated and provided for by section 324 of the Code of Civil Procedure, which declares that under such circumstances the land actually occupied, and no other, is deemed to have been held adversely. What land under such circumstances is deemed to be actually occupied is defined by the following section 325. It is land which has been protected by a substantial inclosure, or land which has been usually cultivated or improved. In the case at bar it is not shown that there was a substantial, or any, inclosure. It is not shown that there was any cultivation at all, or any improvement, saving that of the original tule shack, followed by the house which Montijo built upon its site. It is disclosed by the record that the court took evidence, under agreement of the parties, by visiting and viewing the premises, after which it decreed to Montijo a lot forty feet in width. It cannot be successfully argued that he was entitled to more.

All of the defendants, as has been stated, joined in the notice of appeal. So far as the respondent is concerned, it is sufficient to say that it does not appear that any of Montijo's co-defendants established any interest in the property adverse to it, and whatever interest they may have in the property decreed to Montijo adverse to him in no way concerns the respondent.

The judgment and order appealed from are therefore affirmed.

Lorigan, J., Angellotti, J., Shaw, J., Sloss, J., and McFarland, J., concurred.